**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

BRIDGETT STANDRIDGE                                                              PLAINTIFF

v.                                      No. 4:16CV00225 JLH

ARKANSAS DEPARTMENT OF
CHILDREN AND FAMILY SERVICES;
and TERESA BUNCHE                                                 DEFENDANTS

**OPINION AND ORDER**

Bridgett Standridge gave birth to a child on June 17, 2014. At the time she gave birth, Standridge tested positive for methamphetamine and opiates, and the child's meconium was positive for methamphetamine, opiates, hydrocodone, and hydromorphone. Proceedings in the Circuit Court of Pulaski County, Arkansas, Eighth Juvenile Division, resulted in custody of the newborn child being removed from Standridge and placed in the Arkansas Department of Human Services. Ultimately, on April 4, 2016, that court entered an order terminating Standridge's parental rights. Standridge commenced this action by filing a complaint on April 26, 2016. She has since filed numerous additional documents. Although Standridge's pleadings are unclear, it appears that she is asking this Court to overturn the decision of the Circuit Court of Pulaski County. In one document, she says that the court that terminated her parental rights "needs to be intervened on." Document #5 at 2. The defendants have filed a motion to dismiss, arguing that they have not been properly served, that the Court lacks jurisdiction to hear this matter, and that plaintiff has filed state a claim upon which relief may be granted.

Lower federal courts are not permitted to exercise appellate review of state court judgments. *Skit Int'l, Ltd. v. DAC Techs. of Ark., Inc.*, 487 F.3d 1154, 1156 (8th Cir. 2007) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fid.*

*Trust Co.*, 263 U.S. 413, 416, 44 S. Ct. 149, 68 L. Ed. 362 (1923)). Rooker-Feldman is implicated in that subset of cases where the losing party in a state court action subsequently complains about that judgment and seeks review and rejection of it. *Skit Int'l*, 487 F.3d at 1157. In *Ballinger v. Culotta*, 322 F.3d 546 (8th Cir. 2003), the Eighth Circuit held, pursuant to the Rooker-Feldman doctrine, that a United States district court lacked jurisdiction to hear a case complaining that a state court had violated the plaintiff's parental rights by awarding custody to another party. *Id*. at 549. Similarly, in *Ramos v. Nebraska*, 396 F. Supp. 2d 1053 (D. Neb. 2005), the District Court of Nebraska held, pursuant to the Rooker-Feldman doctrine, that it lacked jurisdiction over a claim by a plaintiff that a state court had violated the constitution by terminating her parental rights. *Id*. at 1062. The same reasoning applies here. This Court lacks jurisdiction over Standridge's claim that the Circuit Court of Pulaski County erred when it terminated her parental rights. Despite the earnestness of her plea, this Court lacks jurisdiction to "intervene on" that court.

The defendants' motion to dismiss is GRANTED. Document #8. This action is dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED this 21st day of June, 2016.

*J. Leon Holmes*
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE